UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

JESSE MICHALETZ, and
AMANDA DUGAN-MICHALETZ
individuals,

Case No.:

     Plaintiffs,

v.

APPLE LEISURE GROUP
d/b/a AMResorts, LLC
a/k/a Unlimited Vacation Club,
a foreign profit corporation, and
GBS INTERNATIONAL, INC.,
a domestic for-profit corporation,
     Defendants.

_____/

## VERIFIED COMPLAINT

**COME NOW** Plaintiffs, JESSE MICHALETZ (hereinafter, "Michaletz") and AMANDA DUGAN-MICHALETZ (hereinafter, "Dugan") (hereinafter collectively, "Plaintiffs"), by and through the undersigned counsel, and sue APPLE LEISURE GROUP d/b/a AMResorts, LLC, a/k/a UNLIMITED VACATION CLUB (hereinafter, "ALG"), and GBS INTERNATIONAL, INC., (hereinafter "GBS") (hereinafter collectively, "Defendants"). In support thereof, Plaintiffs allege:

### INTRODUCTION AND PRELIMINARY STATEMENT

This is an action for damages brought by individual consumers for Defendants' violations of the Florida Consumer Collection Practices Act, Chapter 559, Florida Statutes (hereinafter, the "FCCPA"), the Telephone Consumer Protection Act, 47 United States Code, Section 227 (hereinafter, the "TCPA"), and for declaratory judgment and injunctive relief in equity.

1

## PARTIES, JURISDICTION AND VENUE

1.      This court has jurisdiction pursuant to 47 United States Code, Section 227(b)(3), 28 United States Code, Sections 1331 and 1337, and supplemental jurisdiction over the FCCPA claims pursuant to 28 United States Code, Section 1367. Declaratory relief is available pursuant to 28 United States Code, Sections 2201 and 2202. Injunctive relief is available under the FCCPA pursuant to Florida Statutes, Section 559.78, as well as under the TCPA pursuant to 47 United States Code, Section 227(g)(2).

2.      Venue in this District is proper because Defendants transact business in this District and the conduct complained of occurred in this District.

3.      At all times herein, Plaintiffs are each natural persons who contracted with Defendants within Florida and are each a "debtor" or "consumer" as defined by Florida Statutes, Section 559.55(2).

4.      Defendant ALG is a foreign, for-profit corporation existing under the laws of the State of Pennsylvania, with its principal place of business located at 7 Campus Boulevard, Newton Square, Pennsylvania, 19073. Defendant ALG regularly markets and sells timeshare properties and services to consumers in this District.

5.      Defendant GBS is a domestic, for-profit corporation existing under the laws of the State of Florida, with its principal place of business located at 9450 Sunset Drive, Miami, Florida 33173.

## GENERAL ALLEGATIONS

6.      At all material times herein, Plaintiffs are each a "debtor" or "consumer" as defined by Florida Statutes, Section 559.55(2).

7.      At all times herein, Defendants ALG and GBS are each a "creditor" as defined by Florida Statutes, Section 559.55.

8.      At all times herein, Defendants attempt to collect a debt, specifically an alleged timeshare mortgage balance as well as timeshare assessments and maintenance fees referenced by account number ending in -0835 (hereinafter, "Debt").

9.      At all material times herein, the Debt was a consumer debt, incurred primarily for personal, household or family use.

10.     At all material times herein, each and every Defendant is a "person" subject to Florida Statutes, Section 559.72.  *See* Florida Statutes, Section 559.55(3); *Schauer v. General Motors Acceptance Corp.*, 819 So. 2d 809 (Fla. 4th DCA 2002).

11.     At all material times herein, each Defendant's conduct, with regard to the Debt complained of below, qualifies as "communication" as defined by Florida Statutes, Section 559.55(5).

12.     At all material times herein, each Defendant acted itself or through its agents, employees, officers, members, directors, successors, assigns, principals, trustees, sureties, subrogees, representatives, third-party vendors, and insurers.

13.     All necessary conditions precedent to the filing of this action occurred or have been waived by each Defendant.

## FACTUAL ALLEGATIONS

14.     Defendants' telephone calls, as more specifically alleged below, were made to Plaintiff Michaletz's cellular telephone number 206.962.7776 (hereinafter, "Michaletz's Cellular Telephone") and to Plaintiff Dugan's cellular telephone number 206.353.6147 (hereinafter, "Dugan's Cellular Telephone) (hereinafter collectively, "Cellular Telephones"), and were placed

3

using an automatic telephone dialing system (hereinafter, "ATDS"), a predictive telephone dialing system (hereinafter, "PTDS"), or an artificial or pre-recorded voice (hereinafter, "APV").

15.     Plaintiffs Michaletz and Dugan are the owners, regular users, and possessors of Cellular Telephones with assigned numbers 206.962.7776 and 206.353.6147, respectively.

16.     At no time herein did either Defendant have Plaintiffs' prior express consent to call Plaintiffs' Cellular Telephones using an ATDS, a PTDS, or an APV.

17.     Defendants' electronic messages (i.e., e-mails), as more specifically alleged below, were sent to both Plaintiff Michaletz's e-mail address ▮▮▮▮▮▮▮▮▮▮▮ and to Plaintiff Dugan's e-mail address ▮▮▮▮▮▮▮▮ (hereinafter, "E-mail Addresses").

18.     On or before January 9, 2014, Plaintiffs retained the Finn Law Group, P.A. (hereinafter, "Finn") for representation with regard to the Debt.

19.     On or about January 9, 2014, Finn sent Defendant ALG a letter, via e-mail, which gave Defendants actual notice of Finn's representation of Plaintiffs with regard to the Debt, provided Finn's contact information, explicitly revoked any prior express consent to call Plaintiffs' Cellular Telephones, and explicitly revoked any prior express consent to make automatic withdrawals from Plaintiffs personal credit cards or bank accounts (hereinafter, "Letter of Representation"). Please see attached a true and correct copy of said Letter of Representation labeled as Exhibit "A1-A2."

20.     On or about January 15, 2014, Defendant ALG sent Finn an e-mail message in response to Finn's Letter of Representation. Said response evidences Defendant's actual knowledge of Finn's representation of Plaintiff's with regard to the Debt and actual knowledge of Finn's contact information. Please see attached a true and correct copy of said e-mail labeled as Exhibit "B."

21.   All of the below-referenced communications from Defendants were placed despite Defendants having actual knowledge of Finn's representation of Plaintiffs with regard to the Debt, possessing Finn's contact information, verifying Finn's representation of Plaintiffs' with regard to the Debt, verifying Finn's contact information, and having been advised that any prior express consent to contact Plaintiffs on their Cellular Telephones using an ATDS, a PTDS, or an APV was therein revoked.

22.   All of the below-referenced billing statements sent from Defendant GBS were sent on Defendant ALG's behalf, and with its consent, knowledge, and approval.

23.   All of the below-referenced telephone calls placed by Defendant GBS were placed on Defendant ALG's behalf, and with its consent, knowledge, and approval.

24.   On or about February 12, 2014, Defendants sent an e-mail message to Plaintiffs' E-mail Addresses in an attempt to collect the Debt.  Please see attached a true and correct copy of said e-mail labeled as Exhibit "C1-C2."

25.   On or about February 17, 2014, Defendants sent Plaintiffs a billing statement in an attempt to collect the Debt.  Please see attached a true and correct copy of said billing statement labeled as Exhibit "D."

26.   On or about March 3, 2014, Finn sent Defendant GBS a facsimile transmission, which again gave Defendant GBS actual notice of Finn's representation of Plaintiffs with regard to the Debt, again provided Finn's contact information, advised that all future communications with regard to the Debt be directed to Finn's office, and again explicitly advised that any prior express consent to call Plaintiffs' Cellular Telephones using an ATDS, a PTDS, or an APV was therein revoked (hereinafter, "Fax of Representation").  Please see attached a true and correct copy of said Fax of Representation labeled as Exhibit "E1-E2."

5

27.     On or about March 4, 2014, Defendants sent Plaintiff Dugan an e-mail message in an attempt to collect the Debt.  Please see attached a true and correct copy of said e-mail labeled as Exhibit "F."

28.     On or about March 10, 2014, Defendants sent Plaintiffs another e-mail message in an attempt to collect the Debt.  Please see attached a true and correct copy of said e-mail labeled as Exhibit "G1-G2."

29.     On or about March 18, 2014, Defendants sent Plaintiff Dugan another e-mail message in an attempt to collect the Debt.  Please see attached a true and correct copy of said e-mail labeled as Exhibit "H."

30.     On or about March 18, 2014, Defendants again sent Plaintiffs an e-mail message in an attempt to collect the Debt.  Please see attached a true and correct copy of said e-mail labeled as Exhibit "I."

31.     On or about March 18, 2014, Defendants again sent Plaintiffs an e-mail message in an attempt to collect the Debt.  Please see attached a true and correct copy of said e-mail labeled as Exhibit "J."

32.      On or about March 18, 2014, Defendants again sent Plaintiffs an e-mail message in an attempt to collect the Debt.  Please see attached a true and correct copy of said e-mail labeled as Exhibit "K."

33.     On or about March 18, 2014, Defendants again sent Plaintiffs an e-mail message in an attempt to collect the Debt.  Please see attached a true and correct copy of said e-mail labeled as Exhibit "L."

34.     All of the below-referenced calls to Plaintiffs' Cellular Telephones were placed from   telephone   numbers   800.861.9369,   866.257.1786,   855.203.6986,   305.596.3320,

52.468.109.4406, or 52.998.881.0000, and were made in an attempt to collect the Debt.

35.     On or about March 18, 2014, at approximately 11:46 a.m. PT, Defendant GBS, on Defendant ALG's behalf—and with its consent, knowledge, and approval—called Plaintiff Dugan's Cellular Telephone using an ATDS, a PTDS, or an APV.

36.     On or about March 18, 2014, at approximately 5:35 p.m. PT, Defendant GBS, on Defendant ALG's behalf—and with its consent, knowledge, and approval—called Plaintiff Dugan's Cellular Telephone using an ATDS, a PTDS, or an APV.

37.     On or about March 18, 2014, at approximately 5:38 p.m. PT, Defendant GBS, on Defendant ALG's behalf—and with its consent, knowledge, and approval—called Plaintiff Michaletz's Cellular Telephone using an ATDS, a PTDS, or an APV.

38.     On or about March 19, 2014, at approximately 9:37 a.m. PT, Defendant GBS, on Defendant ALG's behalf—and with its consent, knowledge, and approval—called Plaintiff Dugan's Cellular Telephone using an ATDS, a PTDS, or an APV.

39.     On or about March 19, 2014, at approximately 9:38 a.m. PT, Defendant GBS, on Defendant ALG's behalf—and with its consent, knowledge, and approval—called Plaintiff Michaletz's Cellular Telephone using an ATDS, a PTDS, or an APV.

40.     On or about March 20, 2014, at approximately 9:17 a.m. PT, Defendant GBS, on Defendant ALG's behalf—and with its consent, knowledge, and approval—called Plaintiff Dugan's Cellular Telephone using an ATDS, a PTDS, or an APV.

41.     On or about March 20, 2014, at approximately 9:18 a.m. PT, Defendant GBS, on Defendant ALG's behalf—and with its consent, knowledge, and approval—called Plaintiff Michaletz's Cellular Telephone using an ATDS, a PTDS, or an APV.

42.     On or about March 20, 2014, Defendants sent Plaintiff Dugan an e-mail message

in an attempt to collect the Debt.  Please see attached a true and correct copy of said e-mail labeled as Exhibit "M."

43.     On or about March 20, 2014, Defendants sent Plaintiffs an e-mail message in an attempt to collect the Debt.  Please see attached a true and correct copy of said e-mail labeled as Exhibit "N."

44.     On or about March 20, 2014, Defendants again sent Plaintiffs an e-mail message in an attempt to collect the Debt.  Please see attached a true and correct copy of said e-mail labeled as Exhibit "O."

45.     On or about March 21, 2014, at approximately 12:44 p.m. PT, Defendant GBS, on Defendant ALG's behalf—and with its consent, knowledge, and approval—called Plaintiff Dugan's Cellular Telephone using an ATDS, a PTDS, or an APV.

46.     On or about March 21, 2014, at approximately 12:45 p.m. PT, Defendant GBS, on Defendant ALG's behalf—and with its consent, knowledge, and approval—called Plaintiff Michaletz's Cellular Telephone using an ATDS, a PTDS, or an APV.

47.     On or about March 21, 2014, at approximately 3:20 p.m. PT, Defendant GBS, on Defendant ALG's behalf—and with its consent, knowledge, and approval—called Plaintiff Dugan's Cellular Telephone using an ATDS, a PTDS, or an APV.

48.     On or about March 21, 2014, at approximately 3:21 p.m. PT, Defendant GBS, on Defendant ALG's behalf—and with its consent, knowledge, and approval—called Plaintiff Michaletz's Cellular Telephone using an ATDS, a PTDS, or an APV.

49.     On or about March 21, 2014, Defendants sent Plaintiffs an e-mail message in an attempt to collect the Debt.  Please see attached a true and correct copy of said e-mail labeled as Exhibit "P."

50.     On or about March 21, 2014, Defendants again sent Plaintiffs an e-mail message in an attempt to collect the Debt.  Please see attached a true and correct copy of said e-mail labeled as Exhibit "Q."

51.     On or about March 21, 2014, Defendants again sent Plaintiffs an e-mail message in an attempt to collect the Debt.  Please see attached a true and correct copy of said e-mail labeled as Exhibit "R."

52.     On or about March 21, 2014, Defendants again sent Plaintiffs an e-mail message in an attempt to collect the Debt.  Please see attached a true and correct copy of said e-mail labeled as Exhibit "S."

53.     On or about March 22, 2014, at approximately 8:14 a.m. PT, Defendant GBS, on Defendant ALG's behalf—and with its consent, knowledge, and approval—called Plaintiff Dugan's Cellular Telephone using an ATDS, a PTDS, or an APV.

54.     On or about March 22, 2014, at approximately 8:16 a.m. PT, Defendant GBS, on Defendant ALG's behalf—and with its consent, knowledge, and approval—called Plaintiff Michaletz's Cellular Telephone using an ATDS, a PTDS, or an APV.

55.     On or about March 22, 2014, at approximately 9:14 a.m. PT, Defendant GBS, on Defendant ALG's behalf—and with its consent, knowledge, and approval—called Plaintiff Dugan's Cellular Telephone using an ATDS, a PTDS, or an APV.

56.     On or about March 22, 2014, at approximately 9:16 a.m. PT, Defendant GBS, on Defendant ALG's behalf—and with its consent, knowledge, and approval—called Plaintiff Michaletz's Cellular Telephone using an ATDS, a PTDS, or an APV.

57.     On or about March 22, 2014, Defendants sent Plaintiffs an e-mail message in an attempt to collect the Debt.  Please see attached a true and correct copy of said e-mail labeled as

9

Exhibit "T."

58.     On or about March 22, 2014, Defendants again sent Plaintiffs an e-mail message in an attempt to collect the Debt.  Please see attached a true and correct copy of said e-mail labeled as Exhibit "U."

59.     On or about March 24, 2014, at approximately 1:32 p.m. PT, Defendant GBS, on Defendant ALG's behalf—and with its consent, knowledge, and approval—called Plaintiff Dugan's Cellular Telephone using an ATDS, a PTDS, or an APV.

60.     On or about March 24, 2014, at approximately 1:33 p.m. PT, Defendant GBS, on Defendant ALG's behalf—and with its consent, knowledge, and approval—called Plaintiff Michaletz's Cellular Telephone using an ATDS, a PTDS, or an APV.

61.     On or about March 25, 2014, at approximately 11:26 a.m. PT, Defendant GBS, on Defendant ALG's behalf—and with its consent, knowledge, and approval—called Plaintiff Dugan's Cellular Telephone using an ATDS, a PTDS, or an APV.

62.     On or about March 25, 2014, at approximately 11:28 a.m. PT, Defendant GBS, on Defendant ALG's behalf—and with its consent, knowledge, and approval—called Plaintiff Michaletz's Cellular Telephone using an ATDS, a PTDS, or an APV.

63.     On or about March 25, 2014, at approximately 4:59 p.m. PT, Defendant GBS, on Defendant ALG's behalf—and with its consent, knowledge, and approval—called Plaintiff Dugan's Cellular Telephone using an ATDS, a PTDS, or an APV.

64.     On or about March 25, 2014, at approximately 5:01 p.m. PT, Defendant GBS, on Defendant ALG's behalf—and with its consent, knowledge, and approval—called Plaintiff Michaletz's Cellular Telephone using an ATDS, a PTDS, or an APV.

65.     On or about March 25, 2014, Defendants sent Plaintiffs an e-mail message in an

attempt to collect the Debt.  Please see attached a true and correct copy of said e-mail labeled as Exhibit "V."

66.    On or about March 25, 2014, Defendants again sent Plaintiffs an e-mail message in an attempt to collect the Debt.  Please see attached a true and correct copy of said e-mail labeled as Exhibit "W."

67.    On or about March 25, 2014, Defendants again sent Plaintiffs an e-mail message in an attempt to collect the Debt.  Please see attached a true and correct copy of said e-mail labeled as Exhibit "X."

68.    On or about March 25, 2014, Defendants again sent Plaintiffs an e-mail message in an attempt to collect the Debt.  Please see attached a true and correct copy of said e-mail labeled as Exhibit "Y."

69.    On or about March 26, 2014, at approximately 7:29 a.m. PT, Defendant GBS, on Defendant ALG's behalf—and with its consent, knowledge, and approval—called Plaintiff Dugan's Cellular Telephone using an ATDS, a PTDS, or an APV.

70.    On or about March 26, 2014, at approximately 7:30 a.m. PT, Defendant GBS, on Defendant ALG's behalf—and with its consent, knowledge, and approval—called Plaintiff Michaletz's Cellular Telephone using an ATDS, a PTDS, or an APV.

71.    On or about March 26, 2014, at approximately 9:27 a.m. PT, Defendant GBS, on Defendant ALG's behalf—and with its consent, knowledge, and approval—called Plaintiff Dugan's Cellular Telephone using an ATDS, a PTDS, or an APV.

72.    On or about March 26, 2014, at approximately 9:29 a.m. PT, Defendant GBS, on Defendant ALG's behalf—and with its consent, knowledge, and approval—called Plaintiff Michaletz's Cellular Telephone using an ATDS, a PTDS, or an APV.

73.    On or about March 26, 2014, at approximately 5:37 p.m. PT, Defendant GBS, on Defendant ALG's behalf—and with its consent, knowledge, and approval—called Plaintiff Dugan's Cellular Telephone using an ATDS, a PTDS, or an APV.

74.    During the immediately-aforementioned call, Defendant GBS, on Defendant ALG's behalf—and with its consent, knowledge, and approval—left a voice message, using an APV, on Plaintiff Dugan's Cellular Telephone identifying Defendant GBS and requesting Plaintiffs return the call.

75.    On or about March 26, 2014, at approximately 5:39 p.m. PT, Defendant GBS, on Defendant ALG's behalf—and with its consent, knowledge, and approval—called Plaintiff Michaletz's Cellular Telephone using an ATDS, a PTDS, or an APV.

76.    On or about March 26, 2014, Defendants sent Plaintiffs an e-mail message in an attempt to collect the Debt.  Please see attached a true and correct copy of said e-mail labeled as Exhibit "Z."

77.    On or about March 26, 2014, Defendants again sent Plaintiffs an e-mail message in an attempt to collect the Debt.  Please see attached a true and correct copy of said e-mail labeled as Exhibit "AA."

78.    On or about March 26, 2014, Defendants again sent Plaintiffs an e-mail message in an attempt to collect the Debt.  Please see attached a true and correct copy of said e-mail labeled as Exhibit "BB."

79.    On or about March 26, 2014, Defendants again sent Plaintiffs an e-mail message in an attempt to collect the Debt.  Please see attached a true and correct copy of said e-mail labeled as Exhibit "CC."

80.    On or about March 27, 2014, at approximately 7:14 a.m. PT, Defendant GBS, on

Defendant ALG's behalf—and with its consent, knowledge, and approval—called Plaintiff Dugan's Cellular Telephone using an ATDS, a PTDS, or an APV.

81.     During the immediately-aforementioned call, Defendant GBS, on Defendant ALG's behalf—and with its consent, knowledge, and approval—left a voice message on Plaintiff Dugan's Cellular Telephone identifying Defendant GBS and requesting Plaintiffs return the call.

82.     On or about March 27, 2014, at approximately 7:16 a.m. PT, Defendant GBS, on Defendant ALG's behalf—and with its consent, knowledge, and approval—called Plaintiff Michaletz's Cellular Telephone using an ATDS, a PTDS, or an APV.

83.     On or about March 27, 2014, at approximately 12:41 p.m. PT, Defendant GBS, on Defendant ALG's behalf—and with its consent, knowledge, and approval—called Plaintiff Dugan's Cellular Telephone using an ATDS, a PTDS, or an APV.

84.     On or about March 27, 2014, at approximately 12:43 p.m. PT, Defendant GBS, on Defendant ALG's behalf—and with its consent, knowledge, and approval—called Plaintiff Michaletz's Cellular Telephone using an ATDS, a PTDS, or an APV.

85.     On or about March 27, 2014, at approximately 5:39 p.m. PT, Defendant GBS, on Defendant ALG's behalf—and with its consent, knowledge, and approval—called Plaintiff Dugan's Cellular Telephone using an ATDS, a PTDS, or an APV.

86.     On or about March 27, 2014, at approximately 5:40 p.m. PT, Defendant GBS, on Defendant ALG's behalf—and with its consent, knowledge, and approval—called Plaintiff Michaletz's Cellular Telephone using an ATDS, a PTDS, or an APV.

87.     On or about March 27, 2014, Defendants sent Plaintiffs an e-mail message in an attempt to collect the Debt.  Please see attached a true and correct copy of said e-mail labeled as Exhibit "DD."

88.    On or about March 27, 2014, Defendants again sent Plaintiffs an e-mail message in an attempt to collect the Debt.  Please see attached a true and correct copy of said e-mail labeled as Exhibit "EE."

89.    On or about March 27, 2014, Defendants again sent Plaintiffs an e-mail message in an attempt to collect the Debt.  Please see attached a true and correct copy of said e-mail labeled as Exhibit "FF."

90.    On or about March 28, 2014, at approximately 7:51 a.m. PT, Defendant GBS, on Defendant ALG's behalf—and with its consent, knowledge, and approval—called Plaintiff Dugan's Cellular Telephone using an ATDS, a PTDS, or an APV.

91.    During the immediately-aforementioned call, Defendant GBS, on Defendant ALG's behalf—and with its consent, knowledge, and approval—left a voice message on Plaintiff Dugan's Cellular Telephone identifying Defendant GBS and requesting Plaintiffs return the call.

92.    On or about March 28, 2014, at approximately 7:53 a.m. PT, Defendant GBS, on Defendant ALG's behalf—and with its consent, knowledge, and approval—called Plaintiff Michaletz's Cellular Telephone using an ATDS, a PTDS, or an APV.

93.    On or about March 28, 2014, at approximately 11:56 a.m. PT, Defendant GBS, on Defendant ALG's behalf—and with its consent, knowledge, and approval—called Plaintiff Dugan's Cellular Telephone using an ATDS, a PTDS, or an APV.

94.    During the immediately-aforementioned call, Defendant GBS, on Defendant ALG's behalf—and with its consent, knowledge, and approval—left  a voice message on Plaintiff Dugan's Cellular Telephone identifying Defendant GBS and requesting Plaintiffs return the call.

95.    On or about March 28, 2014, at approximately 11:59 a.m. PT, Defendant GBS, on

Defendant ALG's behalf—and with its consent, knowledge, and approval—called Plaintiff Michaletz's Cellular Telephone using an ATDS, a PTDS, or an APV.

96. On or about March 28, 2014, at approximately 5:03 p.m. PT, Defendant GBS, on Defendant ALG's behalf—and with its consent, knowledge, and approval—called Plaintiff Dugan's Cellular Telephone using an ATDS, a PTDS, or an APV.

97. During the immediately-aforementioned call, Defendant GBS, on Defendant ALG's behalf—and with its consent, knowledge, and approval—left a voice message on Plaintiff Dugan's Cellular Telephone identifying Defendant GBS and requesting Plaintiffs return the call.

98. On or about March 28, 2014, at approximately 5:04 p.m. PT, Defendant GBS, on Defendant ALG's behalf—and with its consent, knowledge, and approval—called Plaintiff Michaletz's Cellular Telephone using an ATDS, a PTDS, or an APV.

99. On or about March 28, 2014, Defendants sent Plaintiffs an e-mail message in an attempt to collect the Debt. Please see attached a true and correct copy of said e-mail labeled as Exhibit "GG."

100. On or about March 28, 2014, Defendants again sent Plaintiffs an e-mail message in an attempt to collect the Debt. Please see attached a true and correct copy of said e-mail labeled as Exhibit "HH."

101. On or about March 28, 2014, Defendants again sent Plaintiffs an e-mail message in an attempt to collect the Debt. Please see attached a true and correct copy of said e-mail labeled as Exhibit "II."

102. On or about March 28, 2014, Defendants again sent Plaintiffs an e-mail message in an attempt to collect the Debt. Please see attached a true and correct copy of said e-mail

labeled as Exhibit "JJ."

103.    On or about March 29, 2014, at approximately 10:48 a.m. PT, Defendant GBS, on Defendant ALG's behalf—and with its consent, knowledge, and approval—called Plaintiff Dugan's Cellular Telephone using an ATDS, a PTDS, or an APV.

104.    On or about March 29, 2014, at approximately 10:49 a.m. PT, Defendant GBS, on Defendant ALG's behalf—and with its consent, knowledge, and approval—called Plaintiff Michaletz's Cellular Telephone using an ATDS, a PTDS, or an APV.

105.    On or about March 30, 2014, at approximately 8:24 a.m. PT, Defendant GBS, on Defendant ALG's behalf—and with its consent, knowledge, and approval—called Plaintiff Dugan's Cellular Telephone using an ATDS, a PTDS, or an APV.

106.    On or about March 30, 2014, at approximately 8:26 a.m. PT, Defendant GBS, on Defendant ALG's behalf—and with its consent, knowledge, and approval—called Plaintiff Michaletz's Cellular Telephone using an ATDS, a PTDS, or an APV.

107.    On or about March 31, 2014, at approximately 9:03 a.m. PT, Defendant GBS, on Defendant ALG's behalf—and with its consent, knowledge, and approval—called Plaintiff Dugan's Cellular Telephone using an ATDS, a PTDS, or an APV.

108.    During the immediately-aforementioned call, Defendant GBS, on Defendant ALG's behalf—and with its consent, knowledge, and approval—left  a voice message on Plaintiff Dugan's Cellular Telephone identifying Defendant GBS and requesting Plaintiffs return the call.

109.    On or about March 31, 2014, at approximately 9:05 a.m. PT, Defendant GBS, on Defendant ALG's behalf—and with its consent, knowledge, and approval—called Plaintiff Michaletz's Cellular Telephone using an ATDS, a PTDS, or an APV.

110.   On or about March 31, 2014, at approximately 2:57 p.m. PT, Defendant GBS, on Defendant ALG's behalf—and with its consent, knowledge, and approval—called Plaintiff Dugan's Cellular Telephone using an ATDS, a PTDS, or an APV.

111.   During the immediately-aforementioned call, Defendant GBS, on Defendant ALG's behalf—and with its consent, knowledge, and approval—left a voice message on Plaintiff Dugan's Cellular Telephone identifying Defendant GBS and requesting Plaintiffs return the call.

112.   On or about March 31, 2014, at approximately 2:59 p.m. PT, Defendant GBS, on Defendant ALG's behalf—and with its consent, knowledge, and approval—called Plaintiff Michaletz's Cellular Telephone using an ATDS, a PTDS, or an APV.

113.   On or about March 31, 2014, at approximately 6:43 p.m. PT, Defendant GBS, on Defendant ALG's behalf—and with its consent, knowledge, and approval—called Plaintiff Dugan's Cellular Telephone using an ATDS, a PTDS, or an APV.

114.   During the immediately-aforementioned call, Defendant GBS, on Defendant ALG's behalf—and with its consent, knowledge, and approval—left a voice message on Plaintiff Dugan's Cellular Telephone identifying Defendant GBS and requesting Plaintiffs return the call.

115.   On or about March 31, 2014, at approximately 6:47 p.m. PT, Defendant GBS, on Defendant ALG's behalf—and with its consent, knowledge, and approval—called Plaintiff Michaletz's Cellular Telephone using an ATDS, a PTDS, or an APV.

116.   On or about March 31, 2014, Defendants sent Plaintiffs an e-mail message in an attempt to collect the Debt. Please see attached a true and correct copy of said e-mail labeled as Exhibit "KK."

117.    On or about March 31, 2014, Defendants again sent Plaintiffs an e-mail message in an attempt to collect the Debt.  Please see attached a true and correct copy of said e-mail labeled as Exhibit "LL."

118.    On or about April 4, 2014, Defendant ALG sent Plaintiffs an e-mail message in an attempt to collect the Debt.  Please see attached a true and correct copy of said e-mail labeled as Exhibit "MM."

119.    On or about April 10, 2014, Defendants sent Plaintiffs an e-mail message in an attempt to collect the Debt.  Please see attached a true and correct copy of said e-mail labeled as Exhibit "NN."

120.    On or about April 21, 2014, Defendant ALG sent Plaintiffs an e-mail message in an attempt to collect the Debt.  Please see attached a true and correct copy of said e-mail labeled as Exhibit "OO."

121.    On or about April 21, 2014, Defendant ALG again sent Plaintiffs an e-mail message in an attempt to collect the Debt.  Please see attached a true and correct copy of said e-mail labeled as Exhibit "PP."

122.    On or about June 10, 2014, Defendants sent Plaintiff Dugan an e-mail message in an attempt to collect the Debt.  Please see attached a true and correct copy of said e-mail labeled as Exhibit "QQ."

123.    On or about June 27, 2014, at approximately 11:47 a.m. PT, Defendant GBS, on Defendant ALG's behalf—and with its consent, knowledge, and approval—called Plaintiff Dugan's Cellular Telephone using an ATDS, a PTDS, or an APV.

124.    On or about June 27, 2014, at approximately 11:50 a.m. PT, Defendant GBS, on Defendant ALG's behalf—and with its consent, knowledge, and approval—called Plaintiff

18

Michaletz's Cellular Telephone using an ATDS, a PTDS, or an APV.

125.    During the immediately-aforementioned call, Defendant GBS, on Defendant ALG's behalf—and with its consent, knowledge, and approval—left a voice message on Plaintiff Michaletz's Cellular Telephone identifying Defendant GBS and advising Plaintiffs that the Debt would be sent to a collection agency if Plaintiffs did not return the call.

126.    On or about June 27, 2014, at approximately 11:57 a.m. PT, Defendant GBS, on Defendant ALG's behalf—and with its consent, knowledge, and approval—called Plaintiff Dugan's Cellular Telephone using an ATDS, a PTDS, or an APV.

127.    During the immediately-aforementioned call, Plaintiff Dugan again informed Defendant of Finn's representation of Plaintiffs with regard to the Debt and requested Defendant cease and desist all future communication with Plaintiffs.

128.    On or about July 11, 2014, Defendants sent Plaintiff Dugan an e-mail message in an attempt to collect the Debt.  Please see attached a true and correct copy of said e-mail labeled as Exhibit "RR1-RR2."

129.    As a direct result of Defendants' actions, Plaintiffs have suffered severe stress, anxiety, inconvenience, frustration, annoyance, fear, confusion and loss of sleep, believing that the hiring of an attorney for representation with regard to the Debt was wholly ineffective, that Plaintiffs' dispute of the Debt was wholly ineffective, and that the frequent, repeated Debt collection attempts would simply have to be endured.

130.    Plaintiffs have not been able, due to both professional and personal commitments, as well as the continued and increasing stress associated with the continued barrage of Debt collection calls, to record the specifics (as done above) on each and every call made to Plaintiffs. Plaintiffs assert, however, that the above-referenced calls are but a sub-set of the calls made in

violation of the FCCPA and the TCPA. Further, Defendants are in the best position to determine and ascertain the number and methodology of calls made to Plaintiffs.

131.    Upon information and belief, Defendants have engaged in a pattern and practice of unlawful debt collection, repeatedly and willfully calling consumers' Cellular Telephones in an attempt to collect debts, using an automatic telephone dialing system, a predictive telephone dialing system, or an artificial or pre-recorded voice, without having prior express consent to do so, or after said prior express consent has been revoked.

132.    Defendants undertake this practice; despite being repeatedly advised by Finn that Finn represented Plaintiffs with regard to the Debt and Finn clearly and conspicuously demanding that all future communication with Plaintiffs cease and must be directed to Finn's office. *See* Exhibits "A1-A2" and "E1-E2."

133.    Defendants willfully, knowingly and repeatedly undertake this practice to increase revenue and profitability at the direct expense of consumers' rights, livelihoods, and privacy.

134.    Defendants undertake such practice, not only repeatedly with regard to a single individual consumer over time, but repeatedly and consistently undertake this practice entity-wide, with respect to many different individual consumers.

135.    Based on this pattern and practice, this Court should grant significant and substantial punitive damages sufficient enough to prevent Defendants from continuing this pattern and practice and to deter their future conduct in the Southern District of Florida.

136.    Plaintiffs allege that the imposition of a substantial punitive damage award is required in order to force Defendants to comply with well-established federal and state debt collection and privacy laws.

137.    Despite having repeatedly advised Defendants of Finn's representation of Plaintiffs with regard to the Debt, Defendants continue to attempt to collect the Debt directly from Plaintiffs in violation of the FCCPA and the TCPA.

138.    Defendants' conduct, as described above, is a knowing, willful, and continuing violation of Plaintiffs' rights, as enumerated under federal and state law.

139.    Given Defendants' conduct, and its apparent intention and ability to continue to collect the Debt directly from Plaintiffs, in violation of said debt collection laws, Plaintiffs have no adequate remedy at law.

140.    Plaintiffs have retained both Finn and Leavengood, Dauval & Boyle, P.A. (hereinafter, "Undersigned Counsel") for the purpose of pursuing this matter against Defendants, and Plaintiffs are obligated to pay their attorneys a reasonable fee for their services.

141.    Florida Statutes, Section 559.77 provides for the award of up to $1,000.00 statutory damages per independent, temporally displaced violation, plus actual damages, punitive damages, and an award of attorneys' fees and costs to Plaintiffs, should Plaintiffs prevail in this matter.

142.    United States Code, Title 47, Section 227(b)(3) provides for the award of $500.00 or actual damages, whichever is greater, for each telephone call made using an ATDS, a PTDS, or an APV to Plaintiffs' Cellular Telephones in violation of the TCPA or the regulations proscribed thereunder.

143.    Additionally, United States Code, Title 47, Section 227(b)(3) allows the trial court to increase the damages up to three times, or $1,500.00, for each telephone call made using an ATDS, a PTDS, or an APV to Plaintiffs' Cellular Telephones in willful or knowing violation of the TCPA or the regulations proscribed thereunder.

21

144.    At all times herein, it would have been possible for Defendants to avoid violating the terms of the TCPA.

145.    Based upon the aforementioned allegations, Defendants' telephone calls made to Plaintiffs' Cellular Telephones using an ATDS, a PTDS, or an APV, were made in willful and knowing violation of the TCPA.

146.    As of the date of this complaint, Defendants have not initiated a law suit in an effort to collect the Debt.  Likewise, no final judgment regarding the Debt has been obtained by, or transferred to, Defendants.

**COUNT ONE:**
**UNLAWFUL DEBT COLLECTION PRACTICE –**
**VIOLATION OF FLORIDA STATUTES, SECTION 559.72(7)**

Plaintiffs re-allege paragraphs one (1) through one-hundred forty-six (146) as if fully restated herein and further state as follows:

147.    Defendants are subject to, and have violated provisions of, Florida Statutes, Section 559.72(7) by collecting consumer Debt from Plaintiffs through means which can reasonably be expected to abuse or harass Plaintiffs.

148.    At all times herein, Defendants possessed actual knowledge of Finn's representation of Plaintiffs with regard to the Debt, possessed Finn's contact information, and had actual knowledge that any prior express consent to call Plaintiffs' Cellular Telephones using an ATDS, a PTDS, or an APV had been revoked.

149.    Despite having the above referenced knowledge, Defendants sent Plaintiffs thirty-nine (39) e-mails, one (1) billing statement, and placed at least fifty-two (52) calls to Plaintiffs' Cellular Telephones using an ATDS, a PTDS, or an APV in its attempts to collect the Debt.

150.    Defendants intended for Plaintiffs to believe that, despite Plaintiffs invoking their FCCPA rights and retaining counsel with regard to the Debt, Defendants could and would continue its collection attempts until the Debt was paid.  As such, Defendants' actions constitute abusive and harassing conduct in violation of Florida Statutes, Section 559.72(7).

151.    Further, Defendants' willful and flagrant violation of, *inter alia*, the Florida Consumer Collections Practices Act as a means to collect a Debt, constitutes unlawful conduct and harassment as is contemplated under Florida Statutes, Section 559.72(7).

152.    As a direct and proximate result of Defendants' actions, Plaintiffs have sustained damages as defined by Florida Statutes, Section 559.77.

**COUNT TWO:**
**UNLAWFUL DEBT COLLECTION PRACTICE –**
**VIOLATION OF FLORIDA STATUTES, SECTION 559.72(18)**

Plaintiffs re-allege paragraphs one (1) through one-hundred forty-six (146) as if fully restated herein and further state as follows:

153.    Defendants are subject to, and have violated provisions of, Florida Statutes, Section 559.72(18) by intentionally and repeatedly communicating with Plaintiffs after being given actual notice that Plaintiffs were represented by counsel with regard to the underlying Debt.

154.    Defendants possessed actual knowledge of Finn's representation of Plaintiffs with regard to the Debt and possessed Finn's contact information via the Letter of Representation and the Fax of Representation.

155.    Further, Defendant ALG verified Finn's representation of Plaintiffs with regard to the Debt and verified Finn's contact information, as evidenced by Defendant ALG's e-mail message response. *See* Exhibit "B."

156.     Despite having the above referenced knowledge, Defendants sent Plaintiffs thirty-nine (39) e-mails, sent one (1) billing statement, and placed at least fifty-two (52) calls to Plaintiffs' Cellular Telephones in its attempts to collect the Debt.

157.     As a direct and proximate result of Defendant's actions, Plaintiffs have sustained damages as defined by Florida Statutes, Section 559.77.

**COUNT THREE:**
**TELEPHONE CONSUMER PROTECTION ACT-**
**VIOLATION OF 47 UNITED STATES CODE, SECTION 227(b)(1)(A)**

Plaintiffs re-allege paragraphs one (1) through one-hundred forty-six (146) as if fully restated herein and further state as follows:

158.     Defendants are subject to, and has violated the provisions of, 47 United States Code, Section 227 (b)(1)(A) by using an ATDS, a PTDS, or an APV to call a telephone number assigned to a cellular telephone service without Plaintiffs' prior express consent.

159.     At no time did Defendants have Plaintiffs' prior express consent to call Plaintiffs' Cellular Telephones.

160.     To the extent that Defendants contend they possessed Plaintiffs' prior express consent, such consent was revoked by operation of law when Defendants received Finn's Letter of Representation and Fax of Representation, which contained explicit language revoking any such consent and contained information advising Defendants of attorney representation regarding the Debt.

161.     Despite lacking Plaintiffs' prior express consent, Defendant GBS, on Defendant ALG's behalf—and with its consent, knowledge, and approval—placed at least fifty-two (52) telephone calls to Plaintiffs' Cellular Telephones using an ATDS, a PTDS, or an APV.

162.     As a direct and proximate result of Defendants' conduct, Plaintiffs have suffered:

(a)     The periodic loss of their Cellular Telephones' service;

(b)     Lost material costs associated with the use of peak time Cellular Telephones' minutes allotted under their Cellular Telephones' service contracts;

(c)     The expenditure of costs and attorney's fees associated with the prosecution of this matter, along with other damages which have been lost;

(d)     Stress, anxiety, loss of sleep, and deterioration of relationships, both personal and professional, as a result of the repeated, willful, and knowing calls placed in violation of the TCPA; and

(e)     Statutory damages.

## COUNT FOUR:
### TELEPHONE CONSUMER PROTECTION ACT-
### WILLFUL VIOLATION OF 47 UNITED STATES CODE, SECTION 227(b)(1)(A)

Plaintiffs re-allege paragraphs one (1) through one-hundred forty-six (146) and count three as if fully restated herein and further state as follows:

163.    Defendants are subject to, and have willfully and knowingly violated the provisions of, 47 United States Code, Section 227(b)(1)(A) by using an ATDS, PTDS, or an APV to call Plaintiffs' Cellular Telephones without Plaintiffs' prior express consent.

164.    Specifically, as enumerated above, Defendants used an ATDS, a PTDS, or an APV to call Plaintiffs' Cellular Telephones at least fifty-two (52) times without Plaintiffs' prior express consent.

165.    As prior express consent never existed or was revoked prior to Defendants' placement of calls to Plaintiffs' Cellular Telephones, and Defendants being fully aware of the TCPA and its restrictions as well as Plaintiffs' repeatedly providing Defendants with notice of

25

representation regarding the Debt, Defendants' calls constitute numerous and multiple knowing and/or willful violations of the TCPA.

166.    As such, each of the calls made to Plaintiffs' Cellular Telephones using an ATDS, PTDS, or an APV were knowingly, willfully, and consciously made in violation of the TCPA.

167.    Plaintiffs are also entitled to and seek injunctive relief enjoining Defendants from further violations of the TCPA.

## COUNT FIVE:
## DECLARATORY AND INUNCTIVE RELIEF

Plaintiffs re-allege paragraphs one (1) through one-hundred forty-six (146) as if fully restated herein and further state as follows:

168.    Unless the Defendants are immediately enjoined from continuing to attempt to collect the Debt from Plaintiffs in violation of the FCCPA and the TCPA, Plaintiffs will suffer irreparable injury.

169.    Plaintiffs have no adequate remedy at law.

170.    Plaintiffs have a clear legal right to the protections of the FCCPA and the TCPA.

171.    Given Defendants' conduct, and their apparent intention and ability to continue to collect the Debt directly from Plaintiffs in violation of said debt collection laws, Plaintiffs have no adequate remedy at law.  Plaintiffs need and are entitled to injunctive relief.

172.    The requested injunction is reasonably necessary to protect the legal rights of Plaintiffs and will have no adverse effect on the public welfare.

## PRAYER FOR RELIEF

**WHEREFORE**, as a direct and proximate result of the Defendants' conduct, Plaintiffs respectfully request against Defendants an entry of:

a)      Judgment against Defendants declaring that Defendants violated the FCCPA and the TCPA;

b)      Judgment against Defendants for maximum statutory damages under the FCCPA, per independent, temporally displaced violation committed by Defendants;

c)      Judgment against Defendants for statutory damages in the amount of $500.00 for each of Defendants' calls to Plaintiffs' Cellular Telephones that violated the TCPA;

d)      Judgment against Defendants for treble damages in the amount of $1,500.00 for each of Defendants' calls to Plaintiffs' Cellular Telephones that violated the TCPA for which Defendants acted knowingly and/or willfully;

e)      Judgment against Defendants enjoining Defendants from further engaging in the conduct that violates the FCCPA and the TCPA;

f)      Judgment against Defendants for actual damages sustained in an amount to be determined at trial;

g)      Judgment against Defendants for punitive damages in an amount to be determined at trial;

h)      Judgment against Defendants for an award of attorney's fees and costs; and

i)      Any other such relief the Court may deem proper.

### DEMAND FOR JURY TRIAL

Plaintiffs hereby demand a trial by jury on all issues triable by right.

### SPOLIATION NOTICE AND DEMAND TO RETAIN EVIDENCE

Plaintiffs hereby give notice to Defendants and demand that Defendants and its affiliates safeguard all relevant evidence—paper, electronic documents, or data—pertaining to this potential litigation as required by law.

27

Respectfully submitted,

**LEAVENLAW**

/s/ *Aaron M. Swift*

**Ian R. Leavengood, Esq., FBN 0010167**
**Aaron M. Swift, Esq., FBN 0093088**
Northeast Professional Center
3900 First Street North, Suite 100
St. Petersburg, FL 33703
Phone:  (727) 327-3328
Fax: (727) 327-3305
consumerservice@leavenlaw.com
aswift@leavenlaw.com
*Attorneys for Plaintiffs*

and

**THE FINN LAW GROUP, P.A.**

**Michael D. Finn, Esq., FBN 0089029**
**Patrick Kennedy, Esq., FBN 0097973**
10720 72nd Street, Suite 305
Largo, FL 33777
Phone: (727) 214-0700
Fax: (727) 475-1494
pleadings@finnlawgroup.com
patrick@finnlawgroup.com
Michaelfinn@finnlawgroup.com
*Attorneys for Plaintiffs*

## VERIFICATION OF COMPLAINT AND CERTIFICATION

STATE OF WASHINGTON          )
                                                           )
COUNTY OF _____*King*_____  )

Plaintiff AMANDA DUGAN-MICHALETZ, having first been duly sworn and upon oath, deposes and says as follows:

1.  I am a Plaintiff in this civil proceeding.

2.  I have read the above-entitled civil Complaint prepared by my attorneys and I believe that all of the facts contained in it are true, to the best of my knowledge, information and belief formed after reasonable inquiry.

3.  I believe that this civil Complaint is well grounded in fact and warranted by existing law or by a good faith argument for the extension, modification, or reversal of existing law.

4.  I believe that this civil Complaint is not interposed for any improper purpose, such as to harass any Defendant(s), cause unnecessary delay to any Defendant(s), or create a needless increase in the cost of litigation to any Defendant(s), named in the Complaint.

5.  I have filed this civil Complaint in good faith and solely for the purposes set forth in it.

6.  Each and every exhibit which has been attached to this Complaint, if any, is a true and correct copy of the original.

7.  Except for clearly indicated redactions made by my attorneys where appropriate, I have not altered, changed, modified, or fabricated any exhibits, except that some of the attached exhibits, if any, may contain some of my own handwritten notations.

AMANDA DUGAN-MICHALETZ

Subscribed and sworn to before me
this 26th day of *June*, 2014.

Notary Public

My Commission Expires: *10/2/14*          Proof of I.D.: *DUGANA IL 209 DC*

CRAIG W. HALE
Notary Public
State of Washington
My Commision Expires
October 02, 2014

## VERIFICATION OF COMPLAINT AND CERTIFICATION

STATE OF WASHINGTON    )
                            )
COUNTY OF _____   )

Plaintiff JESSE MICHALETZ, having first been duly sworn and upon oath, deposes and says as follows:

1. I am a Plaintiff in this civil proceeding.

2. I have read the above-entitled civil Complaint prepared by my attorneys and I believe that all of the facts contained in it are true, to the best of my knowledge, information and belief formed after reasonable inquiry.

3. I believe that this civil Complaint is well grounded in fact and warranted by existing law or by a good faith argument for the extension, modification, or reversal of existing law.

4. I believe that this civil Complaint is not interposed for any improper purpose, such as to harass any Defendant(s), cause unnecessary delay to any Defendant(s), or create a needless increase in the cost of litigation to any Defendant(s), named in the Complaint.

5. I have filed this civil Complaint in good faith and solely for the purposes set forth in it.

6. Each and every exhibit which has been attached to this Complaint, if any, is a true and correct copy of the original.

7. Except for clearly indicated redactions made by my attorneys where appropriate, I have not altered, changed, modified, or fabricated any exhibits, except that some of the attached exhibits, if any, may contain some of my own handwritten notations.

JESSE MICHALETZ

Subscribed and sworn to before me
this 26th day of June , 2014.

Notary Public

My Commission Expires: 10/2/14     Proof of I.D.: MICHAJJ 207 PA

CRAIG W. HALE
Notary Public
State of Washington
My Commission Expires
October 02, 2014